**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 7:19-CV-407 |
| | § | |
| 23.311 ACRES OF LAND, more or less, | § | |
| situated in HIDALGO COUNTY, STATE | § | |
| OF TEXAS; and FRANK SCHUSTER FARMS | § | |
| INC., et al., | § | |
| | § | |
| *Defendants.* | § | |

## MOTIONS TO DISMISS AND FOR MORE DEFINITE STATEMENT, AND SUBJECT THERETO, ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF DEFENDANTS FRANK SCHUSTER FARMS, INC. AND EL SABINO FAMILY FARMS, LLC

COMES NOW FRANK SCHUSTER FARMS, INC. and EL SABINO FAMILY FARMS, LLC, Defendants in the above entitled and numbered cause, and files this their Motions to Dismiss and For More Definite Statement pursuant to Rules 12(b)(6) and 12(e), FED. R. CIV. P., for failure to state a claim upon which relief can be granted and for more definite statement, and subject thereto, their Original Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Complaint in Condemnation, and would show the Court as follows:

### MOTION TO DISMISS AND FOR MORE DEFINITE STATEMENT

I.     THE GOVERNMENT HAS FAILED TO FOLLOW THE REQUISITE STATUTORY PROCEDURE IN A CONDEMNATION ACTION, AND AS SUCH PROCEDURE INVOLVES NECESSARY CONDITIONS PRECEDENT TO THE GOVERNMENT'S FILING OF A CONDEMNATION ACTION, THE GOVERNMENT LACKS THE AUTHORITY TO ACQUIRE DEFENDANTS' PROPERTY THROUGH CONDEMNATION.

      A.     The Government has failed to meaningfully negotiate with Defendants for the property interest sought as required by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

The Government's authority to acquire property through condemnation is set out in 8 U.S.C. § 1103(b)(2) and (3) which prescribes that the Government must negotiate in good faith with property owners in an effort to reach a reasonable price for the property interest it seeks before moving to condemn the land.  If the Government and the property owners are unable to agree on a reasonable price for the interest the Government seeks, then the Government must proceed through straight-condemnation procedure prescribed by 40 U.S.C. § 3113 ("1888 Condemnation Act") and Rule 71.1 of the Federal Rules of Civil Procedure.

The provisions of IIRIRA require the Government to clearly define the real property interest it seeks and then attempt to fix a price for it with the property owners.  In its Complaint, the Government has not provided an adequate description of the location, size, dimensions, number, and type of border fence gates and the manner in which access will work through the gates after the taking.  Further, the Government has not provided an adequate description of the impact, if any, of the acquisition and proposed infrastructure on Defendants' drainage systems serving their Property.  As such, the property description in Plaintiff's Complaint is inadequate in that it fails to describe the property interest acquired and is insufficient to allow Defendants to specifically identify what property rights are actually being taken in the condemnation.  In particular, in Schedule E entitled "Estate Taken" attached to Plaintiff's Complaint, Plaintiff vaguely alleges that Defendants will be provided "reasonable access to and from the owners' lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier

between the westernmost mark labeled "Beginning" and easternmost mark labeled "Ending" depicted on the map" set forth therein. There are no gates or access points identified.  Moreover, there is inadequate information concerning the acquisition's impact, on the Property's drainage system.  Thus, Plaintiff has not legally described the property interest being acquired and the associated access rights in its condemnation complaint.

Without information concerning the location, number, dimensions, type, and size of the border gates and how they will be accessed, together with the acquisitions' impact on the Property's drainage system, Defendants have been unable to fully assess what property rights are being taken and/or restricted.  Defendants have thus been unable to make an informed response to the Government's offer of compensation and have been unable to negotiate as to whether that offer amounts to adequate compensation.  Further, without this information, Defendants are unable to obtain an appraisal of its own by an independent real estate appraiser because such an appraiser would have to know specifically what property rights are being taken and/or restricted in order to value them.

In short, the Government has not told Defendants what it seeks to take from them and has thus left Defendants in the dark as to what rights and interests it may be negotiating compensation.  Meaningful negotiations, as intended by the IIRIRA,  are simply not possible absent this information.

<u>ORIGINAL ANSWER SUBJECT TO MOTION TO DISMISS</u>

COMES NOW DEFENDANTS FRANK SCHUSTER FARMS INC. and EL SABINO FAMILY FARMS, LLC and, subject to their Motions to Dismiss and for More Definite Statement, file this their Original Answer and Jury Demand in response to Plaintiff's Complaint in Condemnation, and would show the Court as follows:

<u>DEFENDANTS' RESPONSES TO COMPLAINT IN</u>
<u>CONDEMNATION (DOCUMENT 1)</u>

1.      Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2.      The allegations in paragraph 2 are jurisdictional in nature and do not necessitate a response. Subject thereto, to the extent a response is necessary, Defendants admit the allegations in paragraph 2, subject to objections and defenses set forth hereinafter.

3.      Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3.

4.      Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5.      Defendants object to the extent that the land to be acquired through condemnation has not been specifically described and identified as set forth in Defendants' Motions to Dismiss and for More Definite Statement which are incorporated herein by reference as if fully copied and set forth at length.  Without such description of the property to be acquired by Plaintiff, Defendants do not know precisely what property rights are being sought by the Plaintiff and therefore, Defendants deny the allegations of Paragraph 5.

6.      Defendants object to the extent that the land to be acquired through condemnation has not been specifically described and identified as set forth in Defendants' Motions to Dismiss and for More Definite Statement which are incorporated herein by reference as if fully copied and set forth at length. Without such description of the property

to be acquired by Plaintiff, Defendants do not know precisely what property rights are being sought and therefore, Defendants deny the allegations of Paragraph 6.

7. Defendants admit that Plaintiff has alleged the amount of its estimate of just compensation for the property acquired in Paragraph 7 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendants deny the allegations of Paragraph 7.

8. Defendants admit they are interested parties in this matter as alleged in Paragraph 8 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 8.

9. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 9.

<u>DEFENDANTS' RESPONSE TO DECLARATION OF TAKING (DOCUMENT 2)</u>

1. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 2.

3. Defendants object to the extent that the land to be acquired through condemnation has not been specifically described and identified as set forth in Defendants' Motions to Dismiss and for More Definite Statement which are incorporated herein by reference as if fully copied and set forth at length in response to Paragraphs 3, 4, and 5. Without such description of the property to be acquired by Plaintiff, Defendants do not know precisely what property rights are being sought by the Plaintiff. Accordingly,

Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3, 4, and 5.

4.      Defendants admit that Plaintiff has alleged and deposited the amount of its estimate of just compensation for the property acquired in Paragraph as alleged in Paragraph 6 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendants deny the remaining allegations of Paragraph 6.

5.      Defendants admit they are interested parties in this matter as alleged in Paragraph 7 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 7.

6.      Defendants deny the allegations in Paragraph 8.

<u>DEFENDANTS' OBJECTIONS AND DEFENSES</u>

Pursuant to FED. R. CIV. P. 71.1(e)(2), Defendants set out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking, and would show as follows:

1.      Plaintiff has failed to negotiate in good faith and to make a good faith offer of compensation to Defendants for the property rights being acquired.  Such negotiations and good faith offer are required of Plaintiff under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

2.      Plaintiff has failed to adequately describe the property rights it seeks to acquire through condemnation and therefore its pleadings do not adequately apprise Defendants of what rights are sought in this lawsuit.

3.      Plaintiff has failed to offer just and adequate compensation for the property rights in seeks to acquire and for market value damages to Defendants' remainder property.

4.      Plaintiff's offer of compensation does not take into consideration the entire parent tract of Defendants' property and therefore does not include compensation for damages to Defendants' land that is impacted by Plaintiff's taking.

5.      Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103.  Said negotiations should be a condition prior to Plaintiff taking possession of the property.

6.      Plaintiff has not fully complied with the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, Title 42 USCA, sections 4601, et seq.

7.      Plaintiff has failed to state a claim upon which relief can be granted.

8.      Plaintiff has failed to meet all conditions precedent to the filing of a condemnation lawsuit.

9.      Plaintiff's attempted taking of Defendants' property is unconstitutional.

10.     Plaintiff's attempted taking of Defendants' property is in violation of the due process clause of the United States Constitution.

11.     Plaintiff has exceeded its condemnation powers by proceeding pursuant to the Declaration of Taking Act ("DTA"), 40 U.S.C. §3114 (1931).

12.     Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

14.     Defendants reserve all rights it has under Title 28 USCA, section 2412, to recover attorney's fees incurred in this condemnation lawsuit.  *See also USA v. 329.73 Acres of Land, et al*., 704 F.2d 800 (5th Cir. 1983) (*en banc*).

15.     Defendants reserve the right to file additional objections and defenses if circumstances change, when a more specific legal description of the property being acquired is made by the Plaintiff, or any amendments to this action are filed by Plaintiff.

### REQUEST FOR JURY

Defendants request a trial by jury pursuant to Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the land being taken and the damages to the remainder property.

WHEREFORE, PREMISES CONSIDERED, Defendants prays that:

1.     Judgment be rendered denying Plaintiff the right to condemn Defendants' property;

2.     Alternatively, if such condemnation is allowed, that Defendants' Motion for More Definite Statement be granted and/or objections and defenses set out herein be considered and that just compensation be determined in accordance with the Fifth Amendment of the United State Constitution and all applicable statutes;

3.     Defendants be allowed recovery of attorneys' fees and other appropriate litigation expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654, and the Equal Access to Justice Act, 28 U.S.C. § 2412;

4.     Defendants request a trial by jury, pursuant to Rule 71.1(h)(1)(B) on the issue of just and adequate compensation; and

5.      Defendants requests the Court grant Defendants such other and further relief to which it may be entitled.

Respectfully submitted,

BARRON, ADLER, CLOUGH & ODDO, L.L.P.
808 Nueces Street
Austin, Texas 78701
Ph:  (512) 478-4995
Fax:  (512) 478-6022

By:     */s/ Roy R. Brandys*
        Roy R. Brandys
        Attorney-in-Charge
        Texas Bar Number 02883550
        Federal Admission No. 31963
        brandys@barronadler.com
        Nicholas P. Laurent
        Texas Bar Number 24065591
        Federal Admission No. 1090833
        laurent@barronadler.com

ATTORNEYS FOR DEFENDANTS,
FRANK SCHUSTER FARMS INC. and EL SABINO
FAMILY FARMS, LLC

CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(d), no certificate of conference is required for this Motion.

        */s/ Roy R. Brandys*
        Roy R. Brandys

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing Defendants'

Motion to Dismiss and For More Definite Statement, and Subject Thereto, Original Answer

and Jury Demand was served upon opposing counsel, to-wit:

> JOHN A. SMITH, III
> Assistant United States Attorney
> Attorney-in-Charge
> Southern District of Texas No. 8638
> Texas Bar No. 18627450
> One Shoreline Plaza
> 800 North Shoreline Blvd., Suite 500
> Corpus Christi, Texas 78401
> Telephone: (361) 888-3111
> Facsimile: (361) 888-3234
> E-mail: john.a.smith@usdoj.gov

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery,

pursuant to the Federal Rules of Civil Procedure, on this the 21st day of January, 2020.

> */s/ Roy R. Brandys*
> Roy R. Brandys