**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO.   7:19-CV-407 |
| | § | |
| 23.311 ACRES OF LAND, MORE OR | § | |
| LESS, SITUATE IN HIDALGO COUNTY, | § | |
| STATE OF TEXAS; AND FRANK | § | |
| SCHUSTER FARMS INC., ET AL., | § | |
| | § | |
| *Defendants.* | § | |

**OPPOSED MOTION OF THE UNITED STATES OF AMERICA**
**FOR ORDER OF IMMEDIATE POSSESSION**

The United States moves for an order requiring all defendants to this action and all persons in possession or control of the property described in the Complaint and Declaration of Taking to immediately surrender possession of the condemned estate to the United States.

## I. INTRODUCTION

1.     The United States requests an Order granting immediate possession of the condemned estate.  Acquiring this property is a necessary step in implementing the congressional directive, set forth in the Complaint and Declaration of Taking, to secure the border between the United States and Mexico.

2.     Congress provided funding for primary pedestrian levee fencing along the southwest border in the Rio Grande Valley Sector.  Per the appropriation, the United States plans to construct infrastructure that Congress specifically designated to be constructed in Hidalgo County, Texas, and the tract identified in this case is part of the designation. Time is of the essence.

Accordingly, the United States respectfully requests this Court to enter an Order of Immediate Possession on an expedited basis.

## II. BACKGROUND FACTS

3.        Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Federal Rule of Civil Procedure ("Rule") 71.1 (formerly Rule 71A), the United States filed a Complaint, Declaration of Taking, and a deposit of estimated just compensation to acquire an interest in the subject property.   The United States will use this property to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.  *See* Docket No. 2, Declaration of Taking, Schedules "B" and "D".   Section 230(a) of the Fiscal Year 2018 Department of Homeland Security Appropriations Act appropriated funding to acquire the interests sought in this action. *See* Docket No. 2, Declaration of Taking, Schedule "A"; *see* Consolidated Appropriations Act, 2018, Pub. L. 115-141, div. F, tit. II, 132 Stat. 348 (2018) (appropriating funds).   The United States deposited THREE HUNDRED TEN THOUSAND EIGHT HUNDRED SEVENTY THREE DOLLARS AND NO/100 ($310,873.00) as estimated just compensation. *See* Docket No. 5.

## III. ARGUMENT AND AUTHORITIES

A.        *Because it Acquired this Property Under the Declaration of Taking Act, the United States is Entitled to Immediate Possession.*

4.        The United States initiated this case by filing a Complaint and a Declaration of Taking and depositing estimated just compensation into the registry of the Court, as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a).  The filing and deposit immediately vest title to the acquired property in the United States. *See* 40 U.S.C. §3114(b)(1).  The Act specifically provides that upon the filing of the declaration of taking, "the

court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . . ". 40 U.S.C. § 3114(d)(1). The purpose of the Declaration of Taking Act is to give the Government immediate possession of the property and give the owner immediate compensation, in the form of estimated compensation, in return for title to the land. *United States v. Miller*, 317 U.S. 369 (1943). As the Court explained,

> [t]he purpose of the statute is twofold. First, *to give the Government immediate possession of the property* and to relieve it of the burden of interest . . . .
> Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*Id.* at 381 (emphasis added). The transfer of title is immediate upon the filing of the declaration and deposit of estimated just compensation. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 238 (1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal).

5.      The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession in *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1 (1984). There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-condemnation" proceeding. *Id.* at 3-5. In a "straight condemnation", the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation. *Id.* at 4. In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . . ". *Id.* The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States." *Id.* at 5. Further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, the Court explained that the adoption of the Declaration of Taking

Act was "for the purpose of affording the Government the option of peremptorily appropriating land prior to final judgment, thereby permitting immediate occupancy . . . ". *Id.* at 12. Finally, as stated in *Narramore v. United States*, Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects…". 960 F.2d 1048, 1050 (Fed. Cir. 1992).

6.      Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the property. *See Miller*, 317 U.S. at 381; *Kirby Forest Indus.*, 467 U.S. at 5, 12.

      B.      *The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing in the Rio Grande Valley Sector.*

7.      Congress has mandated that the Department of Homeland Security ("DHS") achieve and maintain operational control of the international land border. The Secure Fence Act of 2006, Pub. L. 109-367, § 2, 120 Stat. 2638 (Oct. 26, 2006). As part of achieving operational control of the border, the President's Executive Order on *Border Security and Immigration Enforcement Improvements* directs the Secretary of DHS (the "Secretary") take all appropriate steps to plan, design, and construct a wall along the southern border. Executive Order 13767, § 4(a). Consistent with Congress' mandate that DHS achieve and maintain operational control of the border and the President's Executive Order, Congress has directed DHS to construct fencing and related infrastructure along the southwest border, and specifically in the Rio Grande Valley Sector. *See* Consol. Appropriations Act, 2018, Pub. L. 115-141, 132 Stat. 348, div. F, Title II.

8.      The United States needs immediate possession of the subject property in order to meet this congressional directive. The Secretary has identified specific locations in Hidalgo County, Texas, for the construction of tactical infrastructure in order to improve security along the border of the United States. The United States needs to acquire the subject property in order to

begin construction, installation, and maintenance of border security infrastructure in Hidalgo County, Texas.  *See* **Exhibit 1**, Declaration of Loren Flossman; *see* Consol. Appropriations Act, 2018, Pub. L. 115-141, 132 Stat. 348, div. F, Title II (appropriating funds for the current taking).

9.      As a result, acquiring immediate possession of the property for the United States is a necessary step toward meeting the Congressional directive that DHS construct fencing and related infrastructure along the southwest border, and specifically in the Rio Grande Valley Sector. Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the interest sought.

## IV. CERTIFICATE OF CONFERENCE

On January 21, 2020, Plaintiff conferred with Nicholas Laurent, attorney for defendant, by email, and defendant is opposed to this Motion.

## V. CONCLUSION

Based on the foregoing, the United States submits that it is entitled to the entry of an order of immediate possession and requests that the Court grant this motion and enter an order of possession giving the United States immediate possession of the condemned estate described in Schedule E of the Declaration of Taking (Docket No. 2).

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:      s/ *Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone:  (956) 618-8004

Facsimile:  (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov

**JOHN A. SMITH, III**
Assistant United States Attorney
Attorney-in-Charge
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
800 North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 888-3111
Facsimile: (361) 888-3234
E-mail: john.a.smith@usdoj.gov

## CERTIFICATE OF SERVICE

I, Hilda M. Garcia Concepcion, Assistant United States Attorney for the Southern District of Texas, do hereby certify that on this 22nd day of January, 2020, a copy of the foregoing was served via the District ECF system on all counsel of record.

By:    *s/ Hilda M. Garcia Concepcion*
**HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney