IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. | 7:19-CV-407 |
| § | | (Lead case) |
| 23.311 ACRES OF LAND, MORE OR § | | |
| LESS, SITUATE IN HIDALGO § | | |
| COUNTY, STATE OF TEXAS; AND § | | |
| FRANK SCHUSTER FARMS, INC., § | CASE NO. | 7:20-CV-043 |
| EL AL. § | | (Member case) |
| § | | |
| *Defendants.* § | | |

**<u>DEFENDANTS FRANK SCHUSTER FARMS, INC. AND EL SABINO FAMILY FARMS, LLC'S MOTION TO DISMISS, AND SUBJECT THERETO, ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND</u>**

COMES NOW FRANK SCHUSTER FARMS, INC. and EL SABINO FAMILY FARMS, LLC, Defendants in the above entitled and numbered cause, and files this their Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, and subject thereto, their Original Answer, Affirmative Defenses, and Jury Demand in response to Plaintiff's Complaint in Condemnation, and would show the Court as follows:

<u>MOTION TO DISMISS</u>

CONGRESS HAS PROHIBITED THE CONSTRUCTION OF A BORDER BARRIER IN THE SANTA ANA NATIONAL WILDLIFE REFUGE AND THE GOVERNMENT SHOULD BE PRECLUDED FROM SURVEYING TO BUIILD A BORDER BARRIER AND OTHER FACILITIES THAT VIOLATE CONGRESSIONAL DIRECTIVES.

By its Complaint in Condemnation (Dkt. #1) filed in Member Case, 7:20-CV-043, Plaintiff the United States of America ("Plaintiff" or the "Government") seeks to acquire

the right to survey a portion of Defendants' property and has elected to proceed under the Declaration of Taking Act. *See* 40 U.S.C. §§ 311 & 3114. The sought-after survey is a precursor to condemning Defendants' property in fee simple as part of the Government's border barrier project. *See* Complaint (Dkt. #1) at Schedule B, Public Purpose ("The public purpose for which said property is taken is to conduct surveying testing, and other investigatory work needed **to plan the proposed construction of roads, fencing**, **vehicle barriers**, . . . **and related structures** designed to help secure the United States/Mexico border within the State of Texas." (emphasis added)).

The Defendants' subject property immediately abuts the Santa Ana National Wildlife Refuge (the "Refuge") and extends to the north of the Refuge as follows:



Defendants sold the land to the Refuge that extends from the south toe of the levee to the Rio Grande River in the 1970s. Consequently, any construction on Defendants' property for a border barrier, an enforcement zone south of the levee, or even a new road south of

the levee would necessarily require construction both on Defendants' property **and** partially within the Refuge or entirely within the Refuge.

The Government's suit to condemn the right to survey Defendants' property should be dismissed because Congress has affirmatively forbidden the Government from building a border barrier in the Santa Ana National Wildlife Refuge. *See* Consolidated Appropriations Act of 2018, H.R. 1625, 115th Cong. § 230(c) (2018) ("None of the funds provided in this or any other Act shall be obligated for construction of a border barrier in the Santa Ana National Wildlife Refuge.") (a copy of the statute is attached). This prohibition necessarily extends to the anticipated taking of Defendants' property because such property is located immediately adjacent to the Refuge and any construction on Defendants' property would necessarily extend at least partially into the Refuge.[1] Moreover, allowing the construction of a border barrier on Defendants' property—immediately adjacent to the Refuge—would thwart Congressional intent which can only have been to preserve the nature of the Refuge and the free movement and migration of wildlife to and from the Refuge. If the Government cannot condemn Defendants' property for this project, the Government should not be allowed to survey Defendants' property to prepare to condemn Defendants' property.

"Authority to condemn must, of course, always have its source in a statute. . . ." and the Government bears the burden of establishing its lawful right to proceed. *United States v. Certain Real Estate Lying on the S. Side of Broad St., City of Nashville, Tenn.*, 217 F.2d 920, 925 (6th Cir. 1954) (citing *Hooe v. United States*, 218 U.S. 322, 335, 336 (1910)); *United States v. Sixty Acres, More or Less, of Land in Williamson Cty.*, 28 F. Supp.

---

[1] The Refuge is located almost entirely to the south of the flood levee, so the Congressional intent must have been to preclude the construction of a border barrier both in and adjacent to the Refuge.

368, 371 (E.D. Ill. 1939) ("petitioner, under applicable law, has the burden of establishing its lawful right to proceed"). The landowner who is subject to a condemnation suit is permitted to challenge the validity of the Government's taking. *Catlin v. United States*, 324 U.S. 229, 240 (1945) ("But we find nothing in the statute to indicate that Congress intended to deprive the owner of all opportunity to challenge the validity of the taking for departure from the statutory limits."); *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981) ("The sole defense which may be raised against the condemnation itself is that of lack of authority to take in the petitioner.").

While the Government may generally have the power to condemn real property for border barrier purposes as plead in its Complaint, *see* Complaint (Dkt. #1) at Schedule A, that general power can be—and frequently is—limited by Congress. *See Maiatico v. United States*, 302 F.2d 880, 886 (D.C. Cir. 1962) ("However inclusive may be the general language of a statute, it 'will not be held to apply to a matter specifically dealt with in another part of the same enactment. * * * Specific terms prevail over the general in the same or another statute which otherwise might be controlling.' . . . 'When a statute limits a thing to be done in a particular mode, it includes the negative of any other mode. It is our duty whenever possible to reconcile provisions of varying statutes when and to the extent that conflict may appear. We cannot accept the proposition that the general provision in the Supplemental Act repealed—either directly or by implication—the specific provisions of the Appropriation Act as geared to the Public Buildings Act of 1959." (quoting *Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208 (1932))); *see also Berman v. Parker*, 348 U.S. 26, 33, 35–36 (1954) ("the means of executing the project are for

Congress and Congress alone to determine, once the public purpose has been established. . . . Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch.").

Additionally, the Government's stated purpose for the anticipated condemnation is in part for an all-weather road, despite the fact that the Government already has access to an all-weather located within the proposed acquisition area atop the flood levee.[2] The fact that the Government already has unfettered access to an all-weather road within the proposed acquisition area completely undercuts the purported necessity to condemn the Defendants' property to construct *another* all-weather road.

Congress has specifically directed that no funds from the Consolidated Appropriations Act of 2018 "or any other Act shall be obligated for construction of a border barrier in the Santa Ana National Wildlife Refuge." This specific pronouncement of Congress and the intent behind the pronouncement is controlling here. The foregoing requires the dismissal of the Government's suit seeking to survey in furtherance of a project Congress has forbidden.

ORIGINAL ANSWER SUBJECT TO MOTION TO DISMISS

COMES NOW DEFENDANTS FRANK SCHUSTER FARMS, INC. and EL SABINO FAMILY FARMS, LLC and subject to their Motion to Dismiss, file this their Original Answer and Jury Demand in response to Plaintiff's Complaint in Condemnation, and would show the Court as follows:

---

[2] The all-weather road that currently exists, and that is frequently used by the Government, can be seen clearly in the image inserted on page 2.

## DEFENDANTS' RESPONSES TO COMPLAINT IN CONDEMNATION (DOCUMENT 1)

1. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. The allegations in paragraph 2 are jurisdictional in nature and do not necessitate a response. Subject thereto, to the extent a response is necessary, Defendants admit the allegations in paragraph 2, subject to objections and defenses set forth hereinafter.

3. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3.

4. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 5.

6. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 6.

7. Defendants admit that Plaintiff has alleged the amount of its estimate of just compensation for the property acquired in Paragraph 7 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendants deny the allegations of Paragraph 7.

8. Defendants admits they are interested parties in this matter as alleged in Paragraph 8 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 8.

9. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 9.

DEFENDANTS' RESPONSE TO DECLARATION OF TAKING (DOCUMENT 2)

1. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 1.

2. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 2.

3. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 3.

4. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 4.

5. Defendants are without knowledge sufficient to form a belief as to the truth of allegations in Paragraph 5.

6. Defendants admit that Plaintiff has alleged and deposited the amount of its estimate of just compensation for the property acquired in Paragraph as alleged in Paragraph 6 but deny it is the appropriate or final just compensation including damages to be awarded in this matter for the acquisition in question. To the extent necessary, Defendants deny the remaining allegations of Paragraph 6.

5. Defendants admit they are interested parties in this matter as alleged in Paragraph 7 and are without knowledge sufficient to form a belief as to the truth of remaining allegations in Paragraph 7.

6. Defendants deny the allegations in Paragraph 8.

DEFENDANTS' OBJECTIONS AND DEFENSES

Pursuant to Federal Rule of Civil Procedure 71.1(e)(2), Defendants set out the following objections and defenses to the Complaint in Condemnation and Declaration of Taking, and would show as follows:

1. Plaintiff has failed to negotiate in good faith and to make a good faith offer of compensation to Defendants for the property rights being acquired. Such negotiations and a good faith offer are required of Plaintiff under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

2. Plaintiff has failed to offer just and adequate compensation for the property rights it seeks to acquire.

3. Plaintiff has failed to adequately consult under the consultation clause of the note to Title 8 USCA, section 1103. Said negotiations should be a condition prior to Plaintiff taking possession of the property.

4. Plaintiff has failed to state a claim upon which relief can be granted.

5. This Court lacks subject-matter jurisdiction over the Plaintiff's purported taking.

6. Plaintiff's purported taking is in violation of Consolidated Appropriations Act of 2018, H.R. 1625, 115th Cong. § 230(c) (2018) because construction of a border barrier has been prohibited by Congress.

7. Plaintiff's purported taking is not necessary because Plaintiff already has access to an all-weather road.

8. Plaintiff has failed to meet all conditions precedent to the filing of a condemnation lawsuit.

9. Plaintiff's attempted taking of Defendants' property is unconstitutional.

10. Plaintiff's attempted taking of Defendants' property is in violation of the due process clause of the United States Constitution.

11. Plaintiff has exceeded its condemnation powers by proceeding pursuant to the Declaration of Taking Act ("DTA"), 40 U.S.C. §3114 (1931).

12. Plaintiff has exceeded its condemnation powers by failing to abide by the procedures set forth in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA").

13. Defendants reserve all rights they have under Title 28 USCA, section 2412, to recover attorney's fees incurred in this condemnation lawsuit. *See also USA v. 329.73 Acres of Land, et al.*, 704 F.2d 800 (5th Cir. 1983) (*en banc*).

14. Defendants reserve the right to file additional objections and defenses if circumstances change, when a more specific legal description of the property being acquired is made by the Plaintiff, or any amendments to this action are filed by Plaintiff.

## REQUEST FOR JURY

Defendants requests a trial by jury pursuant to Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure to determine just compensation of the land being taken and the damages to the remainder property.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that:

1. Judgment be rendered denying Plaintiff the right to condemn Defendants' property and dismissing Plaintiff's Complaint in Condemnation and Declaration of Taking;

2. Alternatively, if such condemnation is allowed, that Defendants' objections and defenses set out herein be considered and that just compensation be determined in accordance with the Fifth Amendment of the United State Constitution and all applicable statutes;

3. Defendants be allowed recovery of attorneys' fees and other appropriate litigation expenses pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4654, and the Equal Access to Justice Act, 28 U.S.C. § 2412;

4. Defendants request a trial by jury, pursuant to Rule 71.1(h)(1)(B) on the issue of just and adequate compensation; and

5. Defendants request the Court grant Defendants such other and further relief to which it may be entitled.

    Respectfully submitted,

    BARRON, ADLER, CLOUGH & ODDO, L.L.P.
    808 Nueces Street
    Austin, Texas 78701
    Ph: (512) 478-4995
    Fax: (512) 478-6022

    By: */s/ Roy R. Brandys*
        Roy R. Brandys
        Attorney-in-Charge
        Texas Bar Number 02883550
        Southern District of Texas No. 31963
        brandys@barronadler.com
        Nicholas P. Laurent
        Texas Bar Number 24065591
        Southern District of Texas No. 1090833
        laurent@barronadler.com

    ATTORNEYS FOR DEFENDANTS,
    FRANK SCHUSTER FARMS, INC. AND
    EL SABINO FAMILY FARMS, LLC

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(d), no certificate of conference is required for this Motion.

/s/ Roy R. Brandys
Roy R. Brandys

## CERTIFICATE OF SERVICE

I, Roy R. Brandys, Attorney for Defendant FRANK SCHUSTER FARMS, INC. and EL SABINO FAMILY FARMS, LLC, hereby certifies that on March 24, 2020, I electronically filed the foregoing using the Court's CM/ECF system which will send service notification to all counsel of record.

By: /s/ Roy R. Brandys
Roy R. Brandys