IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:19-CV-407 |
| | § | (Lead Case) |
| 23.311 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND FRANK SCHUSTER FARMS, INC. | § § § § | CASE NO.   7:20-CV-043 (Member Case) |
| | § | |
| *Defendants.* | § | |

### UNITED STATES' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1. The United States respectfully opposes defendants Frank Schuster Farms, Inc. and El Sabino Family Farms, LLC ("landowners") Motion to Dismiss and Subject thereto, Original Answer, Affirmative Defenses and Jury Demand.[1]

2. On February 20, 2020, the United States initiated this condemnation proceeding for the taking of property under power of eminent domain through a Declaration of Taking of 44.66 acres in Hidalgo County to help secure the United States/Mexico border and to determine the amount of just compensation that must be paid for the property taken.  Complaint:[2]  Declaration of Taking, Schedule B.[3]  This cause of action has been consolidated with lead case 7:19-CV-407[4] because the subject properties are owned by the same landowners and represented by the same legal counsel.

---

[1]  Dkt. No. 29.
[2]  Dkt. No. 1. (Member Case No. M-20-043).
[3]  Dkt. No. 2-1. (Member Case No. M-20-043).
[4]  Dkt. No. 19

## FACTS AND PROCEDURAL BACKGROUND RELEVANT TO
## THE INSTANT OPPOSITION AND CROSS-MOTIONS

**The United States' Condemnation**

4. The subject property consists of approximately 44.66 acres in Hidalgo County, Texas. The United States has determined that the subject property is needed to conduct surveying, testing and other investigatory work needed to plan the proposed construction of roads, fencing, vehicle barriers, security lighting, cameras, sensors and related structures to help secure the United States/Mexico border within the State of Texas. Declaration of Taking, Schedule B.[5] The United States has identified Frank Schuster Farms, as a party that may claim an interest in the subject property. *Id.*, Schedule G.

5. The United States filed a Complaint and a Declaration of Taking to acquire the subject property.[6] The United States seeks a temporary, assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States to enter in, on, over and across the land acquired to survey, make borings, and conduct other investigatory work for the purpose mentioned above. Declaration of Taking, Schedule E.[7] The Complaint and Declaration of Taking state the authority for the taking, the use (purpose) for which the property was taken, a description of the property, the interests acquired, and each known owner who has an interest in the property. *Id.* Loren Flossman, Acquisition Program Manager, United States Border Patrol ("Border Patrol"), United States Customs and Border Protection ("CBP"), Department of Homeland Security (DHS), signed the Declaration of

---

[5] Dkt. No. 2-1. (Member Case No. M-20-043).
[6] Dkt. Nos. 1, 2. (Member Case No. M-20-043).
[7] Dkt. No. 2-1. (Member Case No. M-20-043).

Taking, declaring "the rights acquired are taken in the name of and for the use of the United States of America under authority and for the public purpose stated herein." Decl. of Taking.[8]

6. This taking was filed under three statutes by which Congress authorized the Attorney General to condemn property.[9] Declaration of Taking, Schedule A.[10] The General Condemnation Act, 40 U.S.C. § 3113, directs that a government official "who is 'authorized to procure real estate for . . . public uses' makes an application to the Attorney General who, within 30 days, must initiate condemnation proceedings." *See also Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 3-4 (1984) (quoting 40 U.S.C. § 257, re-codified as 40 U.S.C. § 3113). The Declaration of Taking Act, 40 U.S.C. § 3114, permits the Government, "at any time before judgment" in a condemnation suit, to file "a declaration of taking signed by the authority empowered by law to acquire the lands [in question], declaring that said lands are thereby taken for the use of the United States."

**The Landowners' Motion to Dismiss and Answer**

7. On March 24, 2020, the Landowners moved the Court to dismiss the Complaint[11]. Defendants argue that because Congress prohibited the construction of a border barrier in the Santa Ana National Refuge (the "Refuge") the United States should be precluded from surveying to build border barrier and other facilities on the subject property because it abuts the Refuge and that would violate congressional directives. *See generally, id*. Defendants argue that Congress "specifically directed that no funds from the Consolidated Appropriations Act of 2018 or any other Act shall be obligated for the construction of border barrier in the Santa Ana National Wildlife Refuge." *Id.* at 5. The landowners further assert that the United States seeks to survey the subject

---

[8] Dkt. No. 2. (Member Case No. M-20-043).
[9] The Declaration of Taking also cites the delegation of the Attorney General's authority to condemn to the CBP official who signed the Declaration of Taking, and the Act of Congress appropriating the funds used for the acquisition. Decl. of Taking, Schedule A (Dkt. No. 2-2 (Member Case No. M-20-043)) (citing Pub. L. 116-6, div. A, tit. II, Section 230).
[10] Dkt. No. 2-1. (Member Case No. M-20-043).
[11] Dkt. No. 29.

property in furtherance of a project Congress has forbidden and therefore the case should be dismissed.

## ARGUMENT

8. Unique among federal civil actions, affirmative eminent domain proceedings are governed by Rule 71.1. All defenses or objections must be raised in the answer, and federal law strictly defines the legally cognizable defenses to a taking. Once the United States sets forth the nature and extent of the interests to be acquired through condemnation, "[a] court may then inquire only whether the use for which private property is authorized by the legislature to be taken, is in fact a public use." *United States v. 101.88 Acres of Land, et al.*, 616 F.2d 762, 767 (5th Cir. 1980), citing *Shoemaker v. United States,* 147 U.S. 282, 298 (1893). All other challenges or counterclaims are improper. *United States v. 162.20 Acres of Land, et al.*, 639 F.2d 299, 303 (5th Cir. 1981) ("The sole defense which may be raised against the condemnation itself is that of lack of authority to take in the petitioner."). *See also* Fed. R. Civ. P. 71.1(e) (defendant may serve either a notice of appearance or an answer but "[n]o other pleading or motion asserting any additional defense or objection is allowed").

**<u>The Landowners' Motion to Dismiss Is Improper and Premature</u>**

9. As a preliminary matter, Rule 71.1(e)(2) does not permit a landowner to move to dismiss a condemnation action. As a court in the Southern District of Texas held in *United States v. 0.996 Acres of Land, et al.*, a case in which the predecessor firm to the firm representing the landowners here also represented the landowner (then known as Baron and Adler, LLP), this Court should dismiss this motion as improperly filed. 2009 WL 10691340 at *2 (S.D. Tex. Aug. 4, 2009).

10. Federal Rule of Civil Procedure 71.1 governs federal proceedings to condemn real property by eminent domain, including the dismissal of a condemnation action. Specifically, Rule

71.1(i)(1)(C) holds that "if the plaintiff has already taken title, a lesser interest, or possession as to any part of [the condemned property], the court must award compensation for the title, lesser interest, or possession taken." As the Supreme Court recognized in *Kirby Forest Industries, Inc. v. United States*, 467 U.S. 1, 12 n. 18 (1984), the rule therefore precludes dismissal "if the Government has acquired any 'interest' in the property." Under the Declaration of Taking Act, 40 U.S.C. § 3114, "title and right to possession vest immediately in the United States upon the government's filing of a declaration of taking and depositing an amount of money equal to the estimated value of the land." *See United States v. 191.07 Acres*, 482 F.3d 1132, 1136 (9th Cir. 2007). Therefore, this case should not be dismissed.

11. Further, the arguments included in Defendants' motion to dismiss are premature. As Defendants clearly state throughout their motion, the public purpose for the suit filed by the United States is to condemn the right to access the property in order to conduct surveys and other stated activities on the subject property. Defendant's arguments regarding the construction of border barrier at this time is premature and beyond the scope of the estate acquired by the United States in this action. The United States does not seek to build a border barrier with this estate, but to survey and perform any investigatory work as part of the border wall project.

12. The United States recognizes Congressional directive and it is the intention of the United States to fully comply with said directive as written in the Consolidated Appropriations Act of 2018, H.R. 1625, 115th Cong. Secc. 230(c) (2018) (the "Act")[12]. The United States is prohibited by Congress from constructing a border barrier in the Refuge.

13. It is precisely in an effort to assure compliance with this preclusion and optimize the border wall project that the United States seeks to survey the subject property. The purpose of the

---

[12] Dkt. No. 29, Exhibit 1

estate for access to survey is in great part to ensure the Government does not violate the statute and no border barrier is built in the Refuge.

14. Fatal to Defendant's argument is that the preclusion applies only to building and construction of "border barrier in the Santa Ana National Wildlife Refuge."[13] The subject property to which the United States seeks access is not the Santa Ana National Wildlife Refuge, but rather, private property owned by private citizens, Defendants.

15. Funds have been appropriated and made available to the United States and are being used by the United States for the taking of this estate for the purpose of conducting surveys, testing, and other investigatory work. After the completion of surveys and investigatory work, the United States will properly determine what can be constructed or installed on the subject property consistent with the needs of Border Patrol, ensuring that any construction or installation of lesser components fully comply with the language of the Appropriations Act and the limitations set by Congress.

16. At this point, any argument regarding construction within the Refuge is meritless because the subject property is not owned by nor included in the Refuge but rather, private property. Moreover, Defendants' Motion to Dismiss and Response to the United States' Motion for Possession is premature because the public purpose and scope of the estate in this action is to survey and assess; not to construct.

**The Landowners' Argument that The United States Already Has Access to An All Weather Road Holds No Bearing on the United States' Need to Determine What is Required**

---

[13] The Act of Congress approved March 23, 2018, as Public Law 115-141, div. F, tit. II, 132 Stat. 348. See also, the Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13 (foreclosing the use of appropriated funds for the construction of "pedestrian fencing . . . within the Santa Ana Wildlife Refuge") and the Act of Congress approved December 20, 2019, as Public Law 116-93, div. D, tit. II, 133 Stat. 2317 (foreclosing the use of appropriated funds for the construction of "fencing . . . within the Santa Ana Wildlife Refuge")

17. The Defendants allege that the stated purpose for the "anticipated condemnation" is in part for the taking of land for the construction of an all-weather road. Defendants allege that the Government already has access to an all-weather road within the proposed acquisition area and further allege that this undercuts the necessity to condemn to construct another all-weather road. *See, Id at p. 5.*

18. Even if this assertion were true, it is still inappropriate. Defendants again predicate their argument on an "anticipated condemnation" rather than the current estate at issue in this case. The Defendants continue to anticipate a future cause of action that, at this moment, does not exist and is not at issue. This cause of action involves the acquisition of a non-exclusive right of access for surveying and other testing, not construction, hence this argument is premature.

19. Defendants' argument further fails because it is the prerogative of CBP to determine what, where and how land is acquired under the Appropriations Act in order to secure the border as required by Congress. Border Patrol determines if the roads and other security measures such as, but not limited to, sensors, lighting, and cameras are needed to carry the mission of Border Patrol and properly secure the border of the United States. Hence, the survey and assessment of the subject tract is needed and possession of the estate is required.

20. Funds are available as per the Appropriations Act and it is Border Patrol's prerogative to determine what is required to secure the border within the boundaries set out by Congress.

## CONCLUSION

Based on the foregoing, the United States requests that this Court deny Defendants' motion to dismiss.

                                      Respectfully submitted,
RYAN K. PATRICK
United States Attorney

By:   *s/ Hilda M. Garcia Concepcion*
      **HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8004
Facsimile: (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov

## **CERTIFICATE OF SERVICE**

I certify that on April 13, 2020, a copy of the foregoing was electronically filed in the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record.

By:   *s/ Hilda M. Garcia Concepcion*
      **HILDA M. GARCIA CONCEPCION**
Assistant United States Attorney