Case 7:19-cv-00407 Document 34 Filed on 04/30/20 in TXSD Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:19-CV-00407 |
| | § | |
| 23.311 ACRES OF LAND, MORE OR LESS, *et al*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION FOR ORDER OF IMMEDIATE POSSESSION ON TRACT RGV-WSL-3009-1

Now before the Court are: (1) the Motion to Dismiss filed by Defendants Frank Schuster Farms, Inc., and El Sabino Family Farms, LLC ("Defendants") (Dkt. No. 29); and (2) the Motion for Order of Immediate Possession on Tract RGV-WSL-3009-1 filed by Plaintiff United States of America ("Plaintiff") (Dkt. No. 24). After considering the Motions and the parties' responsive briefings (Dkt. Nos. 24, 29–30, 32), the Court is of the opinion that Defendants' Motion to Dismiss (Dkt. No. 29) should be denied and Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 24) should be granted.

**I.    Factual and Procedural Background**

On February 20, 2020, Plaintiff filed a Complaint and Declaration of Taking (Dkt. Nos. 1–2, Civ. No. 7:20-CV-043) with this Court in case number 7:20-CV-043, which has since been consolidated into the above-referenced action.[1] Dkt. No. 19. On March 18, 2020, Plaintiff filed

---

[1] Case number 7:20-CV-043 was consolidated with lead case 7:19-CV-407 on March 4, 2020. Dkt. No. 19. The Motions addressed herein (Dkt. Nos. 24, 29) concern the land at issue in member case 7:20-CV-043, Tract RGV-WSL-3009-1. *See* Dkt. Nos. 24, 29. Unless otherwise noted, the references to docket entries herein refer to case number 7:19-CV-407.

The Court also notes that Plaintiff was granted possession of the land at issue in lead case 7:19-CV-407 on March 4, 2020. Dkt. No. 17.

its Motion for Order of Immediate Possession (Dkt. No. 24). Defendants filed their Motion to Dismiss (Dkt. No. 29) on March 24, 2020. Defendants then filed an opposition to Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 30) on April 8, 2020. On April 13, 2020, Plaintiff filed a response to Defendants' Motion to Dismiss (Dkt. No. 32).

Through its Motion for Order of Immediate Possession (Dkt. No. 24), Plaintiff seeks surrender from Defendants of the estate defined as:

> [A] temporary, assignable easement beginning on the date possession is granted to the United States and ending 12 months later, consisting of the right of the United States, its agents, contractors, and assigns to enter in, on, over and across the land described in Schedule C to survey, make borings, and conduct other investigatory work for the purposes described in Schedule B and to access adjacent lands; including the right to trim or remove any vegetative or structural obstacles that interfere with said work; reserving to the landowners, their successors and assigns all right, title, and privileges as may be used and enjoyed without interfering with or abridging the rights hereby acquired; subject to mineral and rights appurtenant thereto, and to existing easements for public roads and highways, public utilities, railroads, and pipelines.

Dkt. No. 2, Ex. 1 at Schedule E, Civ. No. 7:20-CV-043. The estate being claimed contains a specific tract of land described with more certainty in Schedules C and D of the Declaration of Taking (Dkt. No. 2, Ex. 1, Civ. No. 7:20-CV-043).

On February 20, 2020, Plaintiff filed a Complaint, for the condemnation (taking) of the aforementioned temporary easement over Defendants' property, and Declaration of Taking of said property in accordance with 40 U.S.C. § 3114 (Dkt. Nos. 1–2, Civ. No. 7:20-CV-043). On March 11, 2020, Plaintiff deposited in the Registry of this Court the sum of $100.00 as the estimated just compensation for the taking described above (Dkt. No. 22).

In the Motion for Order of Immediate Possession (Dkt. No. 24), Plaintiff asserts that the action it has taken in this case, and in member case 7:20-CV-043, has given it

title to the subject property. Dkt. No. 24 at 3. However, Defendants contend specific language in the relevant appropriations act prevents Plaintiff from surveying the subject property. Dkt. No. 29 at 3–5. Defendants also question the necessity of the taking. *Id.*at 5. Defendants raise these arguments in opposition to Plaintiff's request for immediate possession of the subject property (Dkt. No. 30) as well as in support of their Motion to Dismiss (Dkt. No. 29).

## II.     Analysis

The Court addresses Defendants' Motion to Dismiss (Dkt. No. 29) together with Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 24) as Defendants raise nearly identical arguments in both contexts.

Defendants contend that Plaintiff is unable to survey the subject property or build any border barrier on the property because Congress prohibited the construction of a border barrier in the Santa Ana National Wildlife Refuge ("Refuge"). Dkt. No. 30 at 2–5. The basis for Defendants' argument comes from one sentence in the relevant appropriations act that states, "None of the funds provided in this or any other Act shall be obligated for construction of a border barrier in the Santa Ana National Wildlife Refuge." Dkt. No. 29, Ex. 1 at 222 (Consolidated Appropriations Act of 2018, H.R. 1625, 115th Cong. § 230(c) (2018)). The subject property is "located immediately adjacent to the Refuge." Dkt. No. 30 at 3. Defendants contend that Plaintiff will be unable to construction anything on the subject property because any construction on the subject property would "necessarily extend" into the Refuge. Dkt. No. 30 at 3–4. Therefore, according to Defendants, Plaintiff should not be allowed to survey the subject property, the first step toward, what Defendants see as, completing a project prohibited by

Congress. *Id.*

Notably, Plaintiff is not seeking fee simple possession but rather "a Right of Entry ("ROE") for survey and exploration." Dkt. No. 24 at 1. Further, Plaintiff represents that it seeks this Right of Entry in order to comply with the Congressional directive involving the Refuge. Dkt. No. 32 at 5 ("It is precisely in an effort to assure compliance with this preclusion and optimize the border wall project that the United States seeks to survey the subject property.").[2] Therefore, the Court finds the language in the relevant appropriations act does not prevent Plaintiff from acquiring the temporary easement on the subject property.[3]

The Court finds Plaintiff complied with the Declaration of Taking Act, 40 U.S.C. § 3114. The Court also finds that Defendants' Motion to Dismiss (Dkt. No. 29) should be denied and Plaintiff's Motion for Order of Immediate Possession (Dkt. No. 24) should be granted.

## III. Conclusion

Accordingly, the Court hereby **DENIES** Defendants' Motion to Dismiss (Dkt. No. 29).

The Court hereby **GRANTS** Plaintiff's Motion for Order of Immediate

---

[2] Additionally, the Court finds no support in the record for Defendants' contention that all construction on the subject property will *necessarily* extend to the Refuge. *See* Dkt. No. 30 at 2–4.

[3] Defendants also argue that allowing a border barrier on land adjacent to the Refuge "would thwart Congressional intent which can only have been to preserve the nature of the Refuge and the free movement and migration of wildlife to and from the Refuge." Dkt. No. 30 at 4. As the Court here only grants Plaintiff a temporary easement, the Court does not address this argument herein.

  Furthermore, Defendants note that Plaintiff's stated purpose includes the construction of an all-weather road. Dkt. No. 30 at 5–6. Defendants attempt to oppose the construction of this sort of road by stating that any such road is not necessary as "the Government already has access to an all-weather road located within the proposed acquisition area atop the flood levee." *Id.* at 5. Again, the Court here grants Plaintiff a temporary easement, not a fee simple estate, and therefore this argument is premature. *See* Dkt. No. 24. Additionally, the Court notes that "federal courts do not second-guess governmental agencies on issues of necessity and expediency when condemnation is sought . . . ." *United States v. 162.20 Acres of Land, More or Less, Situated in Clay Cty., State of Miss.*, 639 F.2d 299, 303 (5th Cir. 1981).

Possession on Tract RGV-WSL-3009-1 (Dkt. No. 24). Thus, the Court **ORDERS** that all Defendants to the above-referenced action, including member case 7:20-CV-043, and all persons who own or claim ownership, possession, and/or control of the property described in the Complaint filed herein (Dkt. No. 1, Civ. No. 7:20-CV-043) shall surrender possession of said property, to the extent of the estate being condemned, to Plaintiff immediately. The Court reserves all Defendants' rights to litigate any questions concerning title and/or the amount of just compensation to be paid at a later date.

It is further **ORDERED** that a notice of this order shall be served on all persons in possession or control of the said property forthwith.

SO ORDERED this 30th day of April, 2020, at McAllen, Texas.

*Randy Crane*
Randy Crane
United States District Judge