# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. | 7:19-CV-407 |
| § | | |
| 23.311 ACRES OF LAND, MORE OR § | | |
| LESS, SITUATE IN HIDALGO COUNTY, § | HONORABLE RANDY CRANE | |
| STATE OF TEXAS; AND § | | |
| FRANK SCHUSTER FARMS, INC., § | | |
| EL AL. § | | |
| § | | |
| *Defendants.* § | | |
| UNITED STATES OF AMERICA, § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| v. § | CASE NO. | 7:21-CV-006 |
| § | | |
| 6.597 ACRES OF LAND, MORE OR § | | |
| LESS, SITUATE IN HIDALGO COUNTY, § | HONORABLE MICAELA | |
| STATE OF TEXAS; AND § | ALVAREZ | |
| FRANK SCHUSTER FARMS, INC., § | | |
| EL AL. § | | |
| § | | |
| *Defendants.* § | | |

**DEFENDANTS FRANK SCHUSTER FARMS, INC. AND EL SABINO FAMILY FARMS, LLC'S RESPONSE IN OPPOSITION TO UNITED STATES OF AMERICA'S OPPOSED MOTION TO CONSOLIDATE (DKT. # 43)**

Defendants FRANK SCHUSTER FARMS, INC. and EL SABINO FAMILY FARMS, LLC, hereinafter referred to collectively as "Defendants," respond to the United States of America's Opposed Motion to Consolidate (Dkt. #43) and would respectfully show the Court as follows:

These are statutory condemnation proceedings by which the United States of America (the "Government") seeks to acquire property as part of its border wall project. The Government sued

the Defendants in Case No. 7:19-cv-407 in December of 2019 to acquire a 23.311-acre tract that bisects the Defendants' large, integrated farming operation. The parties have conducted written discovery, taken party depositions, and are on the eve of disclosing affirmative expert witnesses and producing expert reports on February 12, 2021. Case No. 7:19-cv-407 is set for trial on May 4, 2021. (Dkt. #38).

Approximately two months following the filing of the first case, the Government filed an action, Case No. 7:20-cv-00043, to survey a small portion of Defendants' property (6.597 acres) immediately west of the taking in Case No. 7:19-cv-407 (23.311 acres). Inexplicably, the Government did not seek to acquire the smaller tract (6.597 acres) at the same time it sought to acquire the larger tract (23.311 acres) that is the subject of Case No. 7:19-cv-407.

In particular, on February 20, 2020, the Government sued to survey the smaller tract that is now the subject of the motion to consolidate. *See* Case No. 7:20-cv-00043. The Defendants opposed the requested survey for a number of reasons, including language in the relevant Appropriations Act that precluded construction of a border barrier in the Santa Ana National Wildlife Refuge. *See* Consolidated Appropriations Act of 2018, H.R. 1625, 115th Cong. § 230(c) (2018) ("None of the funds provided in this or any other Act shall be obligated for construction of a border barrier in the Santa Ana National Wildlife Refuge.") (Dkt. #30). The Court granted the Government's requested survey over the Defendants' objections. (Dkt. #34).

The instant condemnation action to acquire the smaller tract that is now before the Court was filed on January 6, 2021, more than a year after the Government's first case was filed in December of 2019. *See* Case No. 7:21-cv-00006. The new condemnation action has been assigned to Judge Alvarez.

The Government alleges in a cursory and conclusory manner without further explanation that consolidation of the cases is appropriate because it will "conserve judicial resources and resolve the cases in a more efficient manner than if they remain separated." (Dkt. #43 at 3). Despite its suggestion otherwise, consolidation would not serve the Government's stated purposes for a number of reasons. If the cases are consolidated, the newer case is likely to indefinitely delay the older, almost trial-ready case. Further, if the recent case does not indefinitely delay the older case, the parties will likely be on an accelerated timeline to alter and adjust the valuation opinions of their expert witnesses because the scope of the taking has now changed significantly.

To add to the uncertainty, since the Government filed its motion to consolidate, President Biden has been inaugurated and paused the border wall project in its entirety by executive order. *See* Proclamation on the Termination of Emergency With Respect To The Southern Border Of The United States And Redirection of Funds Diverted to Border Wall Construction, 2021 WL 197402 (January 20, 2021), *available at* https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-termination-of-emergency-with-respect-to-southern-border-of-united-states-and-redirection-of-funds-diverted-to-border-wall-construction/. As a result of President Biden's Proclamation, the Defendants filed an unopposed motion to stay the recently filed smaller tract case and Judge Alvarez granted the motion, staying the case for sixty days and rescheduling the initial pre-trial conference. *See* Case No. 7:21-cv-00006 (Dkt #11) and (Dkt. #13).

Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay. *See St. Bernard General Hospital, Inc. v. Hospital Service Association of New Orleans, Inc.*, 712 F.2d 978, 990 (5th Cir.1983), *cert. denied*, 466 U.S. 970, 104 S.Ct. 2342, 80 L.Ed.2d 816 (1984). However, "**[c]onsolidation may properly be denied in instances where**

3

**the cases are at different stages of preparedness for trial**." *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761–62 (5th Cir. 1989) (emphasis added) (citing *St. Bernard*, 712 F.2d at 990).

In the instant circumstances, the older case is almost trial-ready. The new case, on other hand, has just been filed. Consolidating the two actions would not conserve any resources and would actually waste time and expenses already expended in valuing the original taking. In particular, the Defendants would be prejudiced in that the deadline for expert disclosures is approximately a week away in the older case. If the Government truly sought an efficient adjudication of both takings the Government could have easily filed one case to take all of the sought-after property.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff's Opposed Motion to Consolidate (Dkt. #43) be denied and that they be granted such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

BARRON, ADLER, CLOUGH & ODDO, L.L.P.
808 Nueces Street
Austin, Texas 78701
Ph: (512) 478-4995
Fax: (512) 478-6022

By: */s/ Roy R. Brandys*
Roy R. Brandys
Attorney-in-Charge
Texas Bar Number 02883550
Southern District No. 31963
brandys@barronadler.com
Nicholas P. Laurent
Texas Bar Number 24065591
Southern District No. 1090833
laurent@barronadler.com

ATTORNEYS FOR DEFENDANTS,

4

FRANK SCHUSTER FARMS INC. and EL SABINO FAMILY FARMS, LLC

## CERTIFICATE OF SERVICE

I certify that on February 3, 2021, a copy of the foregoing document was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record.

JOHN A. SMITH, III
Assistant United States Attorney
Attorney-in-Charge
Southern District of Texas No. 8638
Texas Bar No. 18627450
One Shoreline Plaza
800 North Shoreline Blvd., Suite 500
Corpus Christi, Texas 78401
Telephone: (361) 888-3111
Facsimile: (361) 888-3234
E-mail: john.a.smith@usdoj.gov

HILDA M. GARCIA CONCEPCION
Assistant United States Attorney
Southern District of Texas No.3399716
Puerto Rico Bar No. 15494
1701 W. Bus. Highway 83, Suite 600
McAllen, TX 78501
Telephone: (956) 618-8004
Facsimile: (956) 618-8016
E-mail: Hilda.Garcia.Concepcion@usdoj.gov

*/s/ Roy R. Brandys*
Roy R. Brandys