United States District Court
Southern District of Texas
**ENTERED**
March 09, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO.   7:19-CV-407 |
| 23.311 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS; AND FRANK SCHUSTER FARMS, INC., ET AL., | § § § § § § | |
| *Defendants.* | § | |

**AGREED ORDER ESTABLISHING JUST COMPENSATION AS TO TRACT RGV-WSL-4000, DISBURSING FUNDS ON DEPOSIT IN THE REGISTRY OF THE COURT, AND CLOSING CASE**

Before the Court is the "Joint Motion for Entry of Order Establishing Just Compensation for Tract RGV-WSL-4000, Distributing Funds on Deposit in the Registry of the Court, and Closing Case" filed by the United States of America and Defendants Frank Schuster Farms, Inc. et al and El Sabino Family Farms, LLC.[1] ("Defendants") (together, "the Parties"). Pursuant to the Joint Motion and Order, **IT IS HEREBY ORDERED AND ADJUDGED** that:

a. The full and just compensation payable by the United States for the taking of Tract RGV-WSL-4000 is the sum of Nine Hundred Thousand Dollars and 00/100 ($900,000.00), plus any accrued interest, which sum is all inclusive and in full satisfaction of any claims of whatsoever nature by the Defendants against the United States for the institution and prosecution of the above-captioned action, including any and all claims which have been

---

[1] Defendant Frank Schuster Farms, Inc. agrees that, while this Joint Stipulation and Motion is entered into by the United States and Defendant Frank Schuster Farms, Inc., it represents the interests of El Sabino Family Farms, LLC in this matter.

Page **1** of 6

    made or could have been made in connection with the runoff/cost-to-cure issue raised in Defendants' appraisal reports and drainage impact analysis report in this action.

b. Judgment shall be and is hereby entered against the United States in the amount of Nine Hundred Thousand Dollars and 00/100 ($900,000.00) for its condemnation of the stated interests or estates in Tract RGV-WSL-4000, along with any accrued interest.

c. On December 17, 2019, the United States deposited Three Hundred Ten Thousand Eight Hundred Seventy-Three Dollars and 00/100 ($310,873.00) into the Registry of the Court as estimated just compensation for Tract RGV-WSL-4000.[2]  The Parties agree that upon said deposit, title to Tract RGV-WSL-4000, as more fully described in the Complaint and Declaration of Taking, vested in the name of the United States of America by operation of law. On June 30, 2021, the Court ordered that the initial deposit amount of $310,873.00, plus accrued interest, was to be disbursed to Defendants with the caveat that the Order "shall not prejudice or impair [Defendants'] ability to continue to litigate the ultimate issue of compensation owed in connection with the Plaintiff's taking of [Defendants'] property."[3] On November 15, 2022, the United States deposited additional just compensation funds in the amount of Five Hundred Eighty-Nine Thousand One Hundred Twenty-Seven Dollars and 00/100 ($589,027.00) into the Registry of the Court.[4] On March 8, 2023, the United States deposited an additional $100.00 into the Court's Registry due to an inadvertent shortage.[5]

d. On March 4, 2020, the Court granted immediate possession of Tract RGV-WSL-4000 to the United States.

e. The total sum of Nine Hundred Thousand Dollars and 00/100 ($900,000.00), along with

---

[2] Dkt. No. 5.
[3] Dkt. No. 66.
[4] Dkt. No. 81.
[5] Dkt. No. 89.

accrued interest, shall be subject to all real estate taxes, liens, encumbrances, and charges of whatsoever nature existing against the interests in the property taken in this proceeding at the time of vesting of title in the United States, and all such real estate taxes, liens, encumbrances, and charges of whatsoever nature shall be payable and deductible from this sum.

f.  The sum of $589,127.00 remains on deposit in the Registry of the Court, as the previous deposit of $310,873.00, plus accrued interest, has already been disbursed to Defendants. **The Clerk of Court shall now, without further order of the Court, disburse the sum of Five Hundred Eighty-Nine Thousand One Hundred Twenty-Seven Dollars and 00/100 ($589,127.00) which remains on deposit in the Registry of the Court, together with any accrued interest, payable to the order of: "Barron, Adler, Clough & Oddo, LLP as Trustee for Frank Schuster Farms, Inc."**

g.  Defendants warrant that (1) they were the sole owners of the interests in the Subject Property taken in this proceeding on the date of taking; (2) that they have the exclusive right to the compensation herein, excepting unpaid taxes and assessments, if any; and (3) that no other party is entitled to the same or any part thereof by reason of any unrecorded agreement.

h.  In the event that any other party is ultimately determined by a court of competent jurisdiction to have any right to receive compensation for the interest in the property taken in this proceeding, Defendants shall refund into the Registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at an annual rate provided in 40 U.S.C. § 3116 from the date of receipt of the respective deposit by Defendants, to the date of repayment into the Registry of the Court.

i.  Defendants, any person or entity reasonably needed for the operation of Defendants'

business or for the full use and enjoyment of Defendants' remaining property, and all successors in interest to Defendants' property, will be allowed access through the border fence gates located on the Subject Property as well as any other border fence gates through which Defendants are granted access as identified in Schedule E ("Estate Taken") of the Complaint and the Declaration of Taking and depicted on Exhibit A to said Schedule (hereinafter "Gates") at all times except in the case of an emergency, or to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Plaintiff shall provide Defendants with the current keypad access code for the Gates, and will provide timely notice of any change or modification of the code to the Defendants such that Defendants' access through the Gates shall be continuous and uninterrupted, except to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. Defendants and all successors in interest will have the right to share, assign, or delegate the keypad access code used to operate the Gates without restriction, subject to and except to the extent necessary for Plaintiff to exercise its authority under 8 U.S.C. § 1357 and implementing regulations. The United States has installed underground utility sleeves at the approximate locations shown on Exhibit A, attached hereto.[6]

j.  The taking of Tract RGV-WSL-4000 was subject to a reservation to the owners for reasonable access to and from their lands lying between the Rio Grande River and the border barrier through opening(s) or gate(s) in the border barrier, as identified in Schedule E ("Estate Taken") of the Complaint and the Declaration of Taking. The Parties intend that this "reasonable access" encompasses, subject to applicable rules regarding

---

[6] Note: The United States did not install a utility sleeve at the westernmost location depicted on the attached map because border fence infrastructure did not ultimately extend that far. In the event future border fence infrastructure is later built at this westernmost location, the United States agrees to install a utility sleeve at this location, subject to available funds.

development in the floodplain between the U.S. International Boundary and Water Commission levee and the Rio Grande River, the right of Defendants, any person or entity reasonably needed for the operation of Defendants' business or for the full use and enjoyment of Defendants' remaining property, and all successors in interest to Defendants' property, to reasonably utilize existing ramps to reach the above-referenced Gates so that they may access their lands lying between the Rio Grande River and the border barrier. Defendants and all successors in interest to Defendants' property shall be allowed to use, operate, maintain, inspect, repair, modify, convert, replace and upgrade utilities and utility lines and related facilities and appurtenances, including water and irrigation lines, facilities, and appurtenances, that cross under the stated interests or estates in Tract RGV-WSL-4000, provided said activities do not materially interfere with the facilities of the United States, and do not affect the integrity of United States property, including the levee and any barrier infrastructure. Defendants and all successors in interest to Defendants' property shall notify U.S. Customs and Border Protection (CBP) and U.S. International Boundary and Water Commission (USIBWC) prior to performing any such work.

k. The Parties shall be responsible for their own legal fees, costs, and expenses, including attorney fees, consultant fees, and any other expenses or costs.

l. There being no outstanding taxes or assessments due or owing, Defendants are responsible for the payment of any additional taxes or assessments which they otherwise owe on the interest in the Subject Property taken in this proceeding on the date of taking.

m. The Parties shall take no appeal from any rulings or judgments made by the Court in this action, and the Parties consent to the entry of all motions, orders, and judgments necessary to effectuate this stipulated judgment.

n.  Defendants shall save and hold harmless the United States from all claims or liability resultingfrom any unrecorded leases or agreements affecting the interests in the property taken in this proceeding on the date of taking.

o.  This order is binding on the heirs, trustees, executors, administrators, devisees, successors, assigns, agents, and representatives of Defendants.

p.  This case is hereby CLOSED on the Court's docket.

SO ORDERED March 9, 2023, at McAllen, Texas.

Randy Crane
United States District Judge